# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Ezzard Howard,
    Plaintiff,

Vs

Rodger Walker Jr.; Director
Jesse Montgomery, Director of Parole
Illinois Department of Corr., Defendant,

CASE NUMBER

**08CV3476**
**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE COX**

## MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

Now comes Plaintiff, Ezzard Howard, Pro se and moves This honorable court To Grant his Petition For Emergency Preliminary Injunction pursaunt to Federal Rule 65. of Civil Procedure Wherefore, Plaintiff States as Follows:

**FILED**

JUN 1 7 2008 TC
Jun 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1.) Plaintiff, Ezzard Howard, was convicted of Failure to report annually after a guilty Plea on June 5, 2006, Before the Honorable Vincent Granghan and was subsequently sentenced to Three years in the Illinois Department of Corrections.

2.) Plaintiff, Ezzard Howard, was discharged From the Illinois Department of Corrections, after serving his time of confinement on October 19, 2007 and was ordered to serve out the remainder of his Time on Mandatory Supervised release.

## PRIOR HISTORY

3.) Plaintiff States that on August 18, 1990 he was charged With Sexually Assau    deKKi Williams, Age 28 At the Time

of the Alleged offense

4.) Plaintiff was convicted on December 16, 1991 before the honorable, Thomas P. Durkin, and was subsequently sentenced To Seven years in The Illinois Department of Corrections, Ezzard Howard served his time of confinement and was discharged on Febuary 21, 1995 on Mandatory Supervised Release where he completed his Parole Febuary 21, 1998 Thus paying his debt to Society.

## ANALYSIS

Plaintiff, Ezzard Howard, Asserts that the Illinois Department of Corrections exceeded it statutory limits by enforcing an unconstitutional policy requiring defendants on Mandatory Supervised Release to submit to a polygrah exame dispite the United States Supreme Court Ruling that Polygraph exames are inadmissable in court, and Administative Hearings. U.S. vs. Scheffer 118 S. Ct. 1261, Koste vs. City of Rockford 96 Ill. 2d 298 450 N.E. 2d 314, (1983). People vs. Baynes 88 Ill. 2d. 225, 430. N.E. 2d. 1070, (1981) Kelly vs. Kane County 372 Ill. app. 3d 931, 8 6 N.E. 2d 702 (2007). The Plaintiff states as Follows,

1.) The Department of Corrections contends That they have the authority To govern Parole as they see Fit and That, that authority derives from The Illinois Supreme court, and that the administering of A

Polygraph exame falls within that jurisdiction, Wherefore plaintiff disagrees with the State in that regardless of The States authority which they have exceed the Illinois Supreme court would never give the Department of Corrections The authority to circumvent the United States Constitution, and The Illinois Supreme Court Constitution. United States Vs. Scheffer 118 S. Ct 1261. Doe Vs. LaDue 574 F. Supp. 2d. 1131 (D. Minn. 2007), People Vs. Baynes 88 Ill. 2d 225, 430 NE. 2d 1070 (1981). IF the Department of Corrections Position is by virtue of the administering of polygraph exames thier Treatment regarding sexual offenders is now successful, the question we must then address is "What does That say about Treatment predating polygraph examinations That They maintained were Successful." A governmental agency does not pocess the right To impose additional restrictions on defendants even on parole, were Those restriction clearly violate Due process and Equal Protection laws especially since pre-exsisting Treatment policies were already in effect. Doe Vs. LaDue 574 F. Supp. 2d 1131 (D. Minn. 2007) in Doe Vs. Ladue The Supreme Court held That because policies were in place prior to the States additional policies that they started enforcing on their own volition inregards To the Sex offenders registry, it clearly violated the defendants Due process and equal Protection rights under the (4) Amendment.

2.) Plaintiff Further Contents that The Illinois Department of corrections has violated plaintiff rights because they are requiring him To pay a $300.00 Fee For administering the polygraph examination. Plaintiff has stated he is confined at residence and is currently unemployed and without means to pay For a polygraph exame and the State controls weather he obtains employment based upon his ability To obtain movement privileges From his agent. Plaintiff asserts that the state has an obligation to profide some Type of relief or Financial Waiver For The Indigent and poor under 730 ILCS 5/3-14-3 Illinois Law, The Courts have a system called "IN FORMA PAUPERIS", even The sex offenders registry has a waiver policy For sex offenders who are unable to meet the cost of paying For a sex offenders registration. Plaintiff has been Told by The Illinois Dept. of Corrections That if he Fails To come up with the Filing Fee regardless oF his inability to pay or being indigent he would be consider to be violative, Taken into custody and returned To prison.
Plaintiff has attached For review a copy oF The waiver allowed For sex offenders registry, also a copy oF FORMA Pauperis Forms.

Finally Plaintiff addresses the issue of Due process violation, and Equal protection violation. The Department of Corrections believes that their Legal Jurisdiction is granted by The Illinois Supreme Court, "If That is the case" Then They are in violation of There own law, and the Department of Corrections have exceeded it's scopatory powers in that the very court That grants that power has ruled.

1.) polygraph Test are inadmisable in criminal Trials, proceedings, and Criminal matters. People Vs. Baynes 88 Ill. 2d 225, 430 N.E. 2d 1070 (1981).

2.) Polygraph Test are inadmisable in Administrative hearings Criminal or Civil matters Kaske vs. The City of Rockford, 96 Ill. 2d 298, 450 N.E. 2d. 314 (1983).

In addition The Dept. of Corrections policy in administering Poylgraph exames is to question the defendant regarding matters prior addressed in cases he has already been adjudicated for and Served Time of Confinment For, Plaintiff will always believe in his innocense on his alleged initial conviction of Aggravated Criminal Sexual Assault, The Department of Corrections Lack the Jurisdiction To punish him based on a current polygraph Test result. The Department of Corrections Will ask defendant did he commit the alleged offense he was convicted For eighteen years ago, if defendant answers No and reading registers False the Plaintiff is in violation, department says it is For purposes of being Truthful in Treatment program, However defendants are then Terminated From

Treatment and are violated by agents because they failed to maintain sex offenders Treatment program. When Plaintiff agreed to sign Conditions of Parole, Taking Polygraph exames were not part of the agreement and For the State to Force Plaintiff to sign a waiver compelling him to Submit to Lie Detector Test violates his Article I, Section (2) Due process and Equal protection rights People Vs. Witfield 298 Ill. Dec. 545, 840 N.E. 2d. 658 (Ill. 2005)

The United States Supreme Ct. has held that were their is Treatment already effectively in place For The State To impose Their own personal agenda which violates Plaintiff rights on Top of rules that currenty exist is unconstitutional Doe Vs. LaDuce 514 F. Supp. 2d 1131 (D. Minn. 2007) Were Police photographed registered sex offender and his automobile at his residence courts held It violated offenders rights because Laws were already in place governing Sex offender registration, court held They violated defendants (4th) Amendment rights.

3.) Plaintiff, States Equal Protection violation, If Test are To be used For Treatment purposes then why aren't they used in Gateway program For Alcoholic Anonymous, and Narcartics Anonymous which are clearly Treatment programs. Appel Vs. Spiridon 463 F. Supp. 255 (D. Comm 2006)

The Department of Corrections previously held that
offenders with domestic violance in their background
were ineligible for good Time Conduct Credit, However
The appellate court disagreed because it violated Due Process
and Equal protection Laws, Plaintiff respectfully request
That the court consider all merits of This claim as
it relates to him and rule accordingly, Plaintiff Further,
states he is required to pay for his Polygraph Test
June 23, 2008 and Take the actual exame June 26, 2008
and submits to court he will be violated on that day
Plaintiff has submitted for review evidence from the
department of Corrections stating When he will be Tested and
Their attemp to make their intentions Vague.

(8)

Defendant, Ezzard Howard, prays This honorable Court grant him relief and any and all other relief as This honorable court deems proper.


All STatements are True To the best of my Knowledge.

Subscribe and SWORN To before me This 22nd

Day of February 2008

_Ezzard Howard_
AFFiANT

_Curley J Harris_
NoTARy Public

"OFFICIAL SEAL"
CURLEY J. HARRIS
Notary Public, State of Illinois
My Commission Expires June 14, 2010