## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3476 | **DATE** | 6/23/2008 |
| **CASE TITLE** | | Ezzard Charles Howard v. Roger Walker, Jr., et al. | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [4] is granted. The Court denies Plaintiff's motion for an emergency injunction [6] and dismisses the complaint. The denial of the motion and dismissal of the complaint are without prejudice to Plaintiff exhausting state court remedies. Plaintiff's motion for counsel [5] is denied.

■ [**For further details see text below.**]                Docketing to mail notices.

### STATEMENT

    Plaintiff, Ezzard Charles Howard (B- 32197), currently on parole, has filed in this Court: (1) a civil rights complaint pursuant to 42 U.S.C. § 1983, (2) a motion for an emergency preliminary injunction, (3) a motion to proceed *in forma pauperis*, and (4) a motion for counsel. Naming Roger Walker Jr. (Director of the Illinois Department of Corrections) and Jesse Montgomery (Chief of Paroles) as defendants, Plaintiff seeks to prevent the defendants from requiring him to submit to a polygraph test, which is a condition of his parole. Plaintiff indicates that he is scheduled for a polygraph exam on June 26, 2008. Upon finding that Plaintiff has shown that he is indigent, the Court grants his motion to proceed *in forma pauperis*.

    Plaintiff was convicted of a sexual offense in 1990 or 1991. The Department of Corrections website shows that he was convicted three additional times, once for forgery, and twice for violating conditions of his parole (failure to report a change of address and failure to report annually). Currently, he is on parole for his failing to report annually conviction. A condition of his parole is that he must submit for polygraph tests. According to Plaintiff, he must also pay for the tests. Plaintiff indicates that he is not being allowed to attend his daughter's graduation unless he submits to a polygraph test. He seeks this Court to enjoin the requirement that he submit to such a test, which he claims is unconstitutional. Presumably, Plaintiff fears that refusal to submit to the test or failure to pay for it may result in a violation of his parole.

    Although Plaintiff asserts a sympathetic situation, this Court may not address the merits of his challenge to his parole conditions at this time. Parole is a form of custody. A person seeking federal review of the terms of state custody must proceed under 28 U.S.C. § 2254, not 42 U.S.C. § 1983. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977). This Court cannot convert a § 1983 complaint into a § 2254 petition. *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997); *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996). Even if the Court could convert this case into a § 2254 action, Plaintiff must exhaust state court remedies before seeking § 2254 relief from this Court. *See* § 2254(b). Plaintiff's pleadings clearly indicate that he has not sought available state remedies prior to filing this complaint.

    Accordingly, the Court denies Plaintiff's motion for an emergency injunction and dismisses the complaint without prejudice to Plaintiff seeking available state court relief. Illinois law indicates that the conditions of a parole may be modified by a state court upon motion by the parolee. 730 ILCS 5/5-6-4(f). Plaintiff should seek relief in state court before petitioning this Court to review a condition of his parole. The dismissal of this case may not be construed as a comment on the legality or reasonableness of requiring parolees to submit to polygraph tests, requiring them to pay for such tests, or restricting them from familial events, such as a child's graduation.

                                                                                                                                 isk